IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARVELL DEANDRE SMART, | No. 2:13-CV-1315-CMK-P |
| Petitioner, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| ANTHONY HEDGPETH, | |
| Respondent. | |

Petitioner, a state prisoner proceeding with retained counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court is respondent's motion to dismiss (Doc. 15).

Among other things, respondent argues that the instant petition is a second or successive petition under 28 U.S.C. § 2244(b) and that this court lacks jurisdiction to consider the petition because prior authorization from the Ninth Circuit Court of Appeals to file the petition was not obtained. Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be

1

dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition can be filed in the district court, however, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

A review of the court's records reflects that petitioner filed a prior pro se federal habeas petition in this court. See Smart v. Hedgpeth, E. Dist. Cal. Case No. 2:09-CV-0739-WBS-CMK-P. That petition, which challenged the same conviction at issue in the instant petition, was denied on the merits and the denial was affirmed by the Ninth Circuit on March 21, 2012. The Supreme Court declined to grant certiorari. Given the prior petition which was decided on the merits, it is undisputed that the current petition is second or successive. As such, § 2244(b) controls. Because petitioner did not first obtain leave from the Ninth Circuit Court of Appeals before filing the instant petition, this court lacks jurisdiction to consider it. Petitioner's counsel appears to concede the point by stating: "We recognize that Smart should probably have filed his habeas corpus motion in the circuit court instead of the district court."

/ / /
/ / /
/ / /
/ /
/ / /
/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (Doc. 15) is granted;

2. This action is dismissed without prejudice; and

3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: August 22, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE